FILED
10/10/2024

Clerk, U.S. District Court
District of Montana
Billings Division

Jesse Kodadek
William T. Casey
PARSONS BEHLE & LATIMER
127 East Main Street, Suite 301
Missoula, MT 59802
406.317.7220
jkodadek@parsonsbehle.com
wcasey@parsonsbehle.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| YELLOWSTONE FAMILY DENTAL, PLLC<br><br>Plaintiff,<br><br>v.<br><br>BRITTANY PINKSTON, an individual,<br><br>Defendant. | **CV-24-150-BLG-TJC**<br><br>COMPLAINT |

## INTRODUCTION

1. This case arises from Brittany Pinkston's ("Ms. Pinkston") misappropriation of more than $81,000 from Yellowstone Family Dental, PLLC ("Yellowstone Family Dental").

2. Ms. Pinkston is a former employee of Yellowstone Family Dental.

COMPLAINT                                   1

3. Yellowstone Family Dental issued Ms. Pinkston a Divvy card[1] for business-related use during her employment.

4. Ms. Pinkston agreed to use the card only for Yellowstone Family Dental expenses and to submit receipts for all purchases—then did the exact opposite.

5. Ms. Pinkston embarked on a spending spree spanning more than $81,000 of personal, non-business-related expenditures, from Chik-fil-A, to travel, to business cards for a separate dental practice, occurring both during and after Ms. Pinkston's employment with Yellowstone Family Dental.

6. When confronted regarding the charges, Ms. Pinkston claimed mistake. When contacted for repayment, Ms. Pinkston did not respond.

7. Accordingly, Yellowstone Family Dental hereby seeks relief from Ms. Pinkston's expropriation, including repayment of funds expended and costs associated with pursuit of the same.

---

[1] A "Divvy card" (now known as a "BILL Divvy card") is a corporate charge card for small businesses. Divvy cards are conventionally issued to employees for business-related use.

## PARTIES, JURISDICTION, AND VENUE

8. Yellowstone Family Dental is a Montana corporation with its principal place of business in Billings, Montana. Yellowstone Family Dental is therefore a citizen of Montana.

9. Upon information and belief, Brittany Pinkston is an individual with her principal place of residence in Perris, California or Phoenix, Arizona. Ms. Pinkston is therefore a citizen of either California or Arizona.

10. This is a civil action between citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs. This Court therefore has original jurisdiction under 28 U.S.C. § 1332.

11. Venue is proper in the Billings Division under 28 U.S.C. § 1391, Mont. Code Ann. § 25-2-118(2), Mont. Code Ann. § 25-2-121(1)(b), Mont. Code Ann. § 25-2-122, L.R. 1.2(c)(1), and L.R. 3.2(b) because a substantial part of the events giving rise to this action occurred in Yellowstone County, Montana.

12. The Court has personal jurisdiction over Ms. Pinkston because her actions and the events giving rise to this case occurred largely within the State of Montana, and Pinkston therefore had sufficient minimum contacts with the State of Montana.

## **GENERAL ALLEGATIONS**

13. Yellowstone Family Dental realleges and incorporates the preceding allegations.

14. Ms. Pinkston is a former employee of Yellowstone Family Dental.

15. In conjunction with her employment with Yellowstone Family Dental, Ms. Pinkston was issued a Divvy card.

16. Yellowstone Family Dental's issuance of the Divvy Card was predicated upon Ms. Pinkston's acceptance of certain conditions.

17. Ms. Pinkston agreed to (1) use the card exclusively for business-related expenses, and (2) submit receipts for every purchase she made using the card.

18. In return, Yellowstone Family Dental permitted Ms. Pinkston to use the Divvy card.

19. Ms. Pinkston was aware of and agreed to these strict conditions at the time she received the Divvy card and all times thereafter.

20. Nevertheless, Ms. Pinkston used the Divvy card for more than $81,000 of personal expenditures.

21. For example, during her employment at Yellowstone Family Dental, Ms. Pinkston used the Divvy card for Amazon orders directed to her personal residence, rather than Yellowstone Family Dental.

22. Ms. Pinkston also used the Divvy card at fast-food establishments such as Chick-fil-A and for personal travel that in no way coincided with the times or locations of Yellowstone Family Dental-related travel.

23. Astonishingly, Ms. Pinkston continued abusing the Divvy card after Yellowstone Family Dental terminated her employment and any need to incur expenses on behalf of the practice had ceased.

24. For example, after being terminated from Yellowstone Family Dental, Ms. Pinkston used the Divvy card to purchase business cards for a separate dental practice.

25. Yellowstone Family Dental has ascertained that this post-termination business-card purchase required Ms. Pinkston to physically handle the Divvy card and read the card number to a vendor.

26. Thus, this and Ms. Pinkston's other illicit personal transactions were not mistakes, but willful expenditures of Yellowstone Family Dental funds for Ms. Pinkston's gain.

27. Yellowstone Family Dental did not become aware of the personal, improper nature of Ms. Pinkston's Divvy card expenditures until after they had occurred.

28. Indeed, Ms. Pinkston concealed her illicit expenditures by not submitting receipts, which could have alerted Yellowstone Family Dental to her wrongdoing.

29. Upon suspicion that Ms. Pinkston had used the Divvy card for prohibited personal purposes, Yellowstone Family Dental approached Ms. Pinkston regarding the expenses.

30. Ms. Pinkston admitted to using the Divvy card post-employment but claimed to have done so mistakenly.

31. On July 23, 2024, Yellowstone Family Dental wrote Ms. Pinkston requesting full repayment of improper charges.[2]

32. Ms. Pinkston did not respond.

33. If Ms. Pinkston does not reimburse Yellowstone Family Dental for her wrongful personal purchases, Yellowstone Family Dental will bear the entire cost of those transactions.

---

[2] *See* July 23, 2024, Correspondence, Exhibit A.

34. While the full extent of Ms. Pinkston's malfeasance is not yet known, on information and belief, the total value of wrongful transactions exceeds $81,000.

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

35. Yellowstone Family Dental incorporates and adopts by reference all facts and allegations above as though fully set forth herein.

36. The terms and conditions for Ms. Pinkston's use of the Divvy card constituted a contract between Ms. Pinkston and Yellowstone Family Dental.

37. Ms. Pinkston agreed to use the card only for business-related expenses and to submit receipts for each purchase made using the card.

38. In exchange, Yellowstone Family Dental agreed to issue a Divvy card to Ms. Pinkston.

39. Yellowstone Family Dental fulfilled its obligations under the parties' agreement by issuing a Divvy card to Ms. Pinkston.

40. Ms. Pinkston breached the contract by using the Divvy card for personal, non-business-related expenses and by failing to submit receipts for those expenses.

41.     Because of Ms. Pinkston's breach, Yellowstone Family Dental suffered damages which it is entitled to recover from Ms. Pinkston in an amount to be proven at trial but no less than $81,000.

## SECOND CAUSE OF ACTION: BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

42.     Yellowstone Family Dental incorporates and adopts by reference all facts and allegations above as though fully set forth herein.

43.     An implied covenant of good faith and fair dealing, prohibiting the parties from intentionally or purposely injuring the other party's right to receive the fruits of the contract, inhered to the terms and conditions of Ms. Pinkston's use of the Divvy card.

44.     Yellowstone Family Dental complied with the covenant of good faith and fair dealing by issuing Ms. Pinkston the Divvy card.

45.     Ms. Pinkston breached the covenant of good faith and fair dealing by using the Divvy card for personal expenses.

46.     Ms. Pinkston also breached the covenant of good faith and fair dealing by failing to disclose her improper personal expenses.

47. Ms. Pinkston further breached the covenant of good faith and fair dealing by, even after admitting to post-employment use of the card, refusing to repay Yellowstone Family Dental for improper expenses.

48. Ms. Pinkston's breaches were material and caused Yellowstone Family Dental, which expected, relied upon, and was entitled to Ms. Pinkston's good-faith compliance with terms of use of the Divvy card, more than $81,000 in damages.

### THIRD CAUSE OF ACTION: CONVERSION

49. Yellowstone Family Dental incorporates and adopts by reference all facts and allegations above as though fully set forth herein.

50. At all relevant times, Yellowstone Family Dental enjoyed legal title to the funds accessible by the Divvy card used by Ms. Pinkston.

51. Ms. Pinkston exercised dominion over more than $81,000 of funds belonging to Yellowstone Family Dental by diverting those funds to personal, non-work-related purposes through use of the Divvy card.

52. By so doing, Ms. Pinkston denied Yellowstone Family Dental use and enjoyment of those funds.

53. Yellowstone Family Dental has repeatedly demanded Ms. Pinkston repay the full amount of the improper charges.

54. Ms. Pinkston has ignored and refused those demands.

55. Because of Ms. Pinkston's conversion, Yellowstone Family Dental suffered damages in an amount to be proven at trial but not less than $81,000, including the lost funds and the time and money spent in pursuit of the funds.

## FOURTH CAUSE OF ACTION: FRAUD

56. Yellowstone Family Dental incorporates and adopts by reference all facts and allegations above as though fully set forth herein.

57. By accepting terms and conditions of use of the Divvy card, Ms. Pinkston represented to Yellowstone Family Dental that she would not use the Divvy card for personal expenses.

58. By not submitting receipts for her Divvy card purchases, Ms. Pinkston further represented to Yellowstone Family Dental that she was using the card in compliance with the terms and conditions of use and not for personal expenses.

59. Ms. Pinkston also represented, when asked about her improper purchases, that she made certain post-termination card purchases by mistake.

60. These and other representations were false.

61. Ms. Pinkston used the Divvy card for personal expenses and was doing so at all relevant times.

62. Ms. Pinkston knew the representations were false and made them to conceal and continue her misuse of Yellowstone Family Dental funds.

63. Yellowstone Family Dental reasonably relied on Ms. Pinkston's representations by issuing the Divvy card to Ms. Pinkston and covering the expenses related thereto.

64. Because of its reliance on Ms. Pinkston's representations, Yellowstone Family Dental discovered and stopped Ms. Pinkston's expenditures only after suffering damages in an amount to be proven at trial but not less than $81,000.

## FIFTH CAUSE OF ACTION: FRAUD IN THE INDUCEMENT

65. Yellowstone Family Dental incorporates and adopts by reference all facts and allegations above as though fully set forth herein.

66. By accepting terms and conditions of use of the Divvy card, Ms. Pinkston represented that she would abide by terms and conditions of use of the card including (1) using the card only for business-related purposes and (2) submitting receipts for card purchases.

67. That representation influenced and was material to Yellowstone Family Dental's granting Ms. Pinkston use of the Divvy card.

68. On information and belief, Ms. Pinkston so represented knowing that she would use the Divvy card for personal expenses in violation of the terms and conditions of card use and with intent to induce Yellowstone Family Dental's issuance of the card.

69. Yellowstone Family Dental's reliance on Ms. Pinkston's representation was justified because Yellowstone Family Dental and Ms. Pinkston had expressly discussed the terms and conditions of use of the Divvy card.

70. Ms. Pinkston's inducing Yellowstone Family Dental to grant her use of the Divvy card harmed Yellowstone Family Dental by exposing Yellowstone Family Dental to more than $81,000 of improper personal expenses of no benefit to Yellowstone Family Dental, plus associated costs and expenses of investigating and attempting to recoup those losses.

## SIXTH CAUSE OF ACTION: UNJUST ENRICHMENT

71. Yellowstone Family Dental incorporates and adopts by reference all facts and allegations above as though fully set forth herein.

72. Ms. Pinkston made more than $81,000 of personal purchases and transactions using the Divvy card assigned to her.

73. The benefit of those personal purchases and transactions was conferred upon Ms. Pinkston by Yellowstone Family Dental, which issued Ms.

Pinkston the Divvy card and paid the expenses related thereto without knowing their improper nature.

74. Ms. Pinkston understood that she made the personal expenditures using a Divvy card issued by Yellowstone Family Dental and that Yellowstone Family Dental would assume the costs of those expenditures unless it learned of their personal nature.

75. Ms. Pinkston has retained the benefit obtained through the more than $81,000 in improper personal expenses made using the Divvy card.

76. Indeed, Ms. Pinkston ignored Yellowstone Family Dental's request for repayment.

77. It would be unjust and inequitable for Ms. Pinkston to retain the benefit of the more than $81,000 in personal expenses because she knew the Divvy card was only to be used for business purposes.

78. It would be just and equitable to require Ms. Pinkston to return to the value of all personal expenditures made using the Divvy card to Yellowstone Family Dental.

## PRAYER FOR RELIEF

WHEREFORE, Yellowstone Family Dental prays for the following relief:

a. For judgement against Ms. Pinkston;

b. For damages in an amount to be proven at trial, but not less than $81,000;

c. For pre- and post-judgment interest at the statutory rates.

d. For all costs and attorneys' fees incurred in the matter;

e. For such other relief as the Court deems just, equitable, and appropriate.

Respectfully submitted: October 10, 2024.

/s/ Jesse Kodadek
Jesse Kodadek
PARSONS BEHLE & LATIMER

*Attorneys for Plaintiff*