IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| YELLOWSTONE FAMILY DENTAL, PLLC,<br><br>Plaintiff,<br><br>vs.<br><br>BRITTANY PINKSTON, and individual,<br><br>Defendant. | CV 24-150-BLG-TJC<br><br>**ORDER** |

Plaintiff Yellowstone Family Dental, PLLC ("YFD") brings this action against Defendant Brittany Pinkston ("Pinkston"), arising from Pinkston's alleged misuse of a charge card that was issued to her for business-related use during her employment. (Doc. 14.) Presently before the Court is Pinkston's Motion to Dismiss (Doc. 15), which is fully briefed and ripe for the Court's review.

Having considered the parties' submissions, the Court finds the motion should be **DENIED**, as set forth below.

/ / /

/ / /

/ / /

1

I.  **BACKGROUND**[1]

Pinkston is a former employee of YFD.  (Doc. 14 at ¶ 2.)  During her employment, Pinkston was issued a corporate charge card for small business known as a "Divvy card."  (*Id.* at ¶ 3.)  YFD alleges the issuance of the Divvy card was predicated upon Pinkston's acceptance of certain terms and conditions.  (*Id.* at ¶¶ 16, 36.)  YFD states Pinkston agreed to use the card exclusively for business-related expenses and to submit receipts for every purchase she made using the card.  (*Id.* at ¶¶ 17, 37.)  In exchange, YFD agreed to issue the Divvy card to Pinkston.  (*Id.* at ¶¶ 18, 38.)  YFD asserts Pinkston breached the agreement by using the Divvy card for more than $81,000 of personal expenditures, and by failing to submit receipts for those expenses.  (*Id.* at ¶¶ 20, 40.)

For example, YFD alleges Pinkston used the Divvy card during her employment for Amazon orders directed to her personal residence, and used the card at fast-food restaurants and for personal travel that did not coincide with the times or locations of YFD-related travel.  (*Id.* at ¶¶ 5, 21-22.)  After YFD terminated her employment, Pinkston continued to use the Divvy card to purchase business cards for a separate dental practice.  (*Id.* at ¶¶ 5, 23-24.)

---

[1] For the purposes of this motion, the Court accepts as true the allegations contained in the Complaint.  *Wyler Summit P'ship v. Turner Broadcasting Sys, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

YFD alleges Pinkston concealed her illicit expenditures by not submitting receipts, and states it did not become aware of the personal and improper nature of Pinkston's Divvy card charges until after they had occurred.  (*Id.* at ¶¶ 27-28.)  Upon suspicion that Pinkston had used the Divvy card for prohibited personal purposes, YFD approached her about the expenses.  (*Id.* at ¶ 29.)  Pinkston admitted to using the Divvy card post-employment, but claimed it was a mistake.  (*Id.* at ¶ 30.)

On July 23, 2024, YFD sent Pinkston a letter, requesting she fully repay the improper charges.  (*Id.* at ¶ 31.)  YFD asserts Pinkston did not respond.  (*Id.* at ¶ 32.)

Thereafter, YFD filed this action against Pinkston.  (Doc. 1.)  YFD initially asserted claims for breach of contract, breach of the implied covenant of good faith and fair dealing, conversion, fraud, fraud in the inducement, and unjust enrichment.  (*Id.*)  YFD later amended the Complaint, and asserts two causes of action: (1) breach of contract[2] and (2) conversion.  (Doc. 14.)

Pinkston now moves to dismiss Count I of the Amended Complaint, arguing

---

[2] It appears YFD folded the formerly separate claim for breach of the implied covenant of good faith and fair dealing, into its breach of contract claim in the Amended Complaint.  Under the heading "Count I: Breach of Contract," YFD includes an allegation that "Ms. Pinkston also failed to comply with the implied covenant of good faith and fair dealing by, even after admitting to post-employment use of the card, refused to repay Yellowstone Family Dental for improper expenses."  (Doc. 14 at ¶ 41.)

3

YFD cannot state a claim for breach of contract because the alleged contract was not supported by consideration. (Doc. 15.)

## II. LEGAL STANDARDS

Dismissal under Rule 12(b)(6) is proper when the pleading either "(1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). The Court evaluates Rule 12(b)(6) motions to dismiss in light of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." While "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations and citations omitted). Nor does a pleading "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Id*. (citing *Twombly*, 550 U.S. at 570). A claim is plausible on its face when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The claim need not be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Facts that are "merely consistent with" a defendant's liability fall short of this standard. *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679.

## III. DISCUSSION

Pinkston contends YFD fails to allege sufficient facts showing the purported contract was supported by consideration. Under Montana law, four elements must exist for a contract to exist: "(1) identifiable parties capable of contracting; (2) their consent; (3) a lawful object; and (4) a sufficient cause or consideration." Mont. Code Ann. § 28-2-102.

"Legally sufficient contract consideration requires: (1) a benefit offered by a promisor to another, or a promisor's offer to suffer a detriment to the other; (2) offered by the promisor in exchange for or to induce a reciprocal benefit from or detriment suffered by the other; and (3) the offered exchange or inducement involves a benefit to which the other is not already 'lawfully entitled' or a

5

detriment that the promisor is not already 'lawfully bound to suffer.'" *Associated Mgmt. Servs., Inc. v. Ruff*, 424 P.3d 571, 585 (Mont. 2018) (quoting Mont. Code Ann. § 28-2-801). Written contracts are presumed to be supported by sufficient consideration. Mont. Code Ann. §§ 26-1-602(38), 28-2-804.

Here, YFD does not allege the contract was in writing. The presumption of sufficient consideration, therefore, does not apply. Nevertheless, the Court finds the First Amended Complaint plausibly alleges a claim for breach of contract. YFD alleges it agreed to issue the Divvy card to Pinkston in exchange for Pinkston's agreement to use the card exclusively for business-related expenses and to submit receipts for the purchases made. Thus, YFP has alleged it conferred the benefit of use of the Divvy card based on Pinkston's promise that it would be used only for specified purposes. Taking these allegations as true, YFD has alleged sufficient consideration. The Montana Supreme Court recognizes that "[m]utual promises alone are enough to constitute valid consideration." *Miller v. Titeca*, 628 P.2d 670, 675 (Mont. 1981). *See also Knutson v. Bitterroot Int'l Sys., Inc.*, 5 P.3d 554, (Mont. 2000) (noting the creation of reciprocal rights and obligations can be sufficient consideration).

The Court, therefore, declines to dismiss the breach of contract claim at this stage in the litigation.

/ / /

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Pinkston's Motion to Dismiss (Doc. 15) is **DENIED**.

DATED this 23rd day of July, 2025.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge